# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MAHMUD MAHDI, | Case No. 2:17-cv-02853-RFB-GWF |
| Plaintiff, | **ORDER** |
| v. | Plaintiff's Motion to Amend Complaint (ECF No. 26) |
| AMERICAN AIRLINES, INC., a foreign corporation; AMERICAN AIRLINES GROUP, INC., a foreign corporation; DOES and ROES 1-100; inclusive, | |
| Defendants. | |

## I. INTRODUCTION

This matter is before the Court on Plaintiff Mahmud Mahdi's Motion to Amend the Complaint. ECF No. 26. For the reasons discussed below, Plaintiff's motion is granted.

## II. BACKGROUND

Plaintiff filed a Complaint in Nevada state court on October 17, 2017, which was removed to this Court on November 14, 2017. ECF No. 1. Defendants filed a Motion to Dismiss on November 20, 2017. ECF No. 6. Magistrate Judge Foley entered a Scheduling Order on December 11, 2017, which gave the parties until February 13, 2018 to amend the pleadings or add parties. ECF No. 14. Plaintiff filed the instant Motion to Amend Complaint on January 11, 2018.

## III. LEGAL STANDARD

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure, provided that leave to amend is requested prior to the expiration of the deadline for amending

pleadings as set forth in the scheduling order, if one has been entered. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (stating that Rule 16 applies where a court has "filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline [has] expired" before the filing of the motion to amend).

According to Rule 15, courts should freely grant a party leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts are to apply this policy with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted). In general, leave to amend under Rule 15 should be denied only where there is a "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party"—considerations commonly referred to as the Foman factors. Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011); Foman v. Davis, 371 U.S. 178, 182 (1962). Prejudice is the "touchstone" of the Rule 15(a) analysis, however, and therefore receives the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original).

**IV. DISCUSSION**

The Court finds that Defendants have not carried their burden of demonstrating that they will be prejudiced by the amendment, nor have they shown that any of the remaining Foman factors strongly favor dismissal. Defendants have not offered any reasons why the minimal delay in amending the Complaint prejudiced them. Defendants' factual allegations regarding Plaintiff's diligence in pursuing his Title VII claims are unpersuasive at this stage of the proceeding. Therefore, in light of the Federal Rules' liberal policy favoring amendment, the Court grants Plaintiff leave to amend his Complaint.

**V. CONCLUSION**

For the reasons stated above,

1    **IT IS ORDERED** that Plaintiff's Motion to Amend (ECF No. 26) is GRANTED. Plaintiff shall have 14 days from the date of this Order to file the Amended Complaint.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 6) is DENIED without prejudice in light of the Amended Complaint.

**IT IS FURTHER ORDERED** that the stay in this case is lifted.

DATED: June 12, 2018.

**RICHARD F. BOULWARE, II**
**United States District Judge**